UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 28, 2014

LETTER TO COUNSEL:

RE: *Gerald Elliott Landers Jr. v. Commissioner, Social Security Administration*;
Civil No. SAG-13-1390

Dear Counsel:

On May 11, 2013, the Plaintiff, Gerald Elliott Landers, petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Landers's reply. (ECF Nos. 25, 29, 32). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny Mr. Landers's motion and grant the Commissioner's motion. This letter explains my rationale.

Mr. Landers filed his claims for DIB and SSI on May 12, 2010, originally alleging a disability onset date of November 1, 2006.[1] (Tr. 57-58). His claims were denied on November 2, 2010. (Tr. 59-68). A hearing was held on April 10, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 28-56). Following the hearing, on April 23, 2012, the ALJ determined that Mr. Landers was not disabled during the relevant time frame. (Tr. 10-27). The Appeals Council denied Mr. Landers's request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Mr. Landers suffered from the severe impairments of major depressive disorder, anxiety disorder, panic disorder with agoraphobia, mental disorder due to alcohol abuse, dependent personality disorder, and alcohol abuse. (Tr. 15). Despite these impairments, the ALJ determined that Mr. Landers retained the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can understand, remember and carry out simple instructions, and can perform simple, routine tasks with occasional changes in work settings, no required interaction with the public and only occasional required interaction with supervisors and co-workers." (Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Landers could perform jobs existing in significant numbers in the national economy, and that he was not therefore disabled. (Tr. 21).

---

[1] Mr. Landers later amended his onset date, when his case was before the Appeals Council, to August 1, 2010, the date he stopped consuming alcohol. (Tr. 224-25).

Mr. Landers presents four primary arguments on appeal. First, Mr. Landers argues that his impairments meet or medically equal the requirements of Listings 12.04 and 12.06. Second, Mr. Landers contends that the ALJ improperly failed to consult with a medical expert. Third, Mr. Landers argues that his obsessive-compulsive disorder and cluster headaches were not adequately considered. Fourth, Mr. Landers complains of two errors made by the ALJ in the opinion. Because each argment lacks merit, I find that remand is not warranted.

Mr. Landers first argues that the ALJ should have determined that his impairments meet or medically equal Listings 12.04 and 12.06. Pl. Mot. 32-47. He notes that the consultative examination performed by Dr. Edward Yelinek on September 13, 2010, reflected marked restrictions in his social interaction. Pl. Mot. 33. The ALJ assigned "little weight" to Dr. Yelinek's assessment, citing (1) the state agency physician's assessment, upon review of the same records, concluding that Mr. Landers suffered only moderate limitations, and (2) records showing improving functioning, including GAF scores in the range of 55-60, after service of Mr. Landers's brief sentence of incarceration in March, 2011. (Tr. 20-21); *see also* (Tr. 388, 416-17, 421-22, 430).

With respect to the Listings, the ALJ rested her conclusion on whether or not the B or C criteria of Listings 12.04 and 12.06 were met. These listings require the claimant to satisfy "paragraph B" criteria. The "paragraph B" criteria require the claimant to demonstrate that his impairment results in at least two of the following: (1) marked restrictions of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04(B), 12.06(B). The ALJ concluded, and I agree, that Mr. Landers's impairments fall short of the "paragraph B" criteria. In support of the conclusion that Mr. Landers suffers only "moderate" difficulties in each of the relevant areas, the ALJ cited to Mr. Landers's reported activities of daily living and to the results of psychiatric and mental status examinations. (Tr. 16). The ALJ noted that Mr. Landers is capable of independent personal care, computer use, some household tasks, riding a motorcycle, accompanying his wife outside the home, and performing adequately both in social functioning and in concentration during medical appointments. *Id.* Accordingly, the ALJ cited to substantial evidence to support her assessment that Mr. Landers did not suffer marked limitations in the functional areas listed in "paragraph B."

However, if a claimant does not meet the "paragraph B" criteria, Listings 12.04 and 12.06 may nevertheless be satisfied if the claimant meets the criteria in "paragraph C." The ALJ's conclusion that Mr. Landers failed to satisfy any of the "paragraph C" criteria is supported by substantial evidence. With respect to Listing 12.04, the "paragraph C" criteria require a showing of a chronic affective disorder, including repeated episodes of decompensation, or a risk of decompensation upon a minimal increase in mental demands, or an inability to function outside a highly supportive living arrangement. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04(C). While Mr. Landers contends that living at home with his mother and his wife constitutes a "highly supportive living arrangement," the record does not support such a finding, and medical evaluations appear to establish that Mr. Landers is capable of functioning properly and

*Gerald Landers v. Commissioner, Social Security Administration*;
Civil No. SAG-13-1390
October 28, 2014
Page 3

participating in medical appointments outside the presence of his wife. The record also reflects that Mr. Landers enjoys riding a motorcycle, has a couple of friends, and is able to go shopping. (Tr. 41-43, 190, 203-04, 381). Mr. Landers has suffered no episodes of decompensation, and the record does not indicate a risk of decompensation upon a minimal increase in mental demands. The "paragraph C" criteria of Listing 12.06 is the same as that of Listing 12.04, requiring a claimant to show that his impairment results in a complete inability to function independently outside the area of his home. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06(C). Accordingly, the ALJ's conclusion that Mr. Landers does not meet any mental disorder Listing is supported by substantial evidence.

Mr. Landers next contends that the ALJ should have sought a medical expert to consider his impairments, particularly on the issue of medical equivalency. Pl Mot. 47-49. Mr. Landers cites Social Security Ruling ("SSR") 96–6p for the proposition that an updated medical expert opinon must be obtained before a decision on medical equivalence can be made. However, an ALJ is only required to obtain an updated opinion from a medical expert regarding medical equivalence to a listing when: (1) no additional medical evidence is received, but in the opinion of the ALJ or the Appeals Council, the symptoms, signs, and laboratory findings suggest that a finding of equivalence is reasonable; or (2) when additional medical evidence is received, and that in the opinion of the ALJ or the Appeals Council, the evidence may change the state agency consultant's finding that the claimant's impairment is not medically equivalent to any listing. *See* SSR 96–6p, 1996 WL 374180, at *3–4. In this case, the ALJ did not obtain an updated opinion of a medical expert because she did not find evidence suggesting that a finding of equivalence was reasonable, nor did she find that the evidence post-dating the non-examining state agency physician's opinion dictated a change in that physician's original determination. Accordingly, there was no need to obtain the opinion of a medical expert.

Mr. Landers's arguments regarding his obsessive-compulsive disorder ("OCD") and cluster headaches are equally unpersuasive. Pl. Mot. 49-50. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). With respect to OCD, the ALJ determined that there had been no definite diagnosis in the medical records. (Tr. 15). The ALJ did not make any reference to the cluster headaches, which were noted in some of the medical records. *See, e.g.,* (Tr. 393-97, 407, 416-18, 425-31). However, the records reflect that the cluster headaches are fairly controlled with medication, (Tr. 407), and there is no indication of any functional limitations caused by the headaches. Moreover, even assuming that the ALJ erred in her evaluation of Mr. Landers's OCD or headaches at Step Two, such error would be harmless. Because Mr. Landers made the threshold showing that other disorders constituted severe impairments, the ALJ continued with the sequential evaluation process and properly considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Landers's ability to work. *See* 20 C.F.R. § 404.1523; (Tr. 786–89). Any Step Two error, then, does not necessitate remand.

*Gerald Landers v. Commissioner, Social Security Administration*;
Civil No. SAG-13-1390
October 28, 2014
Page 4

      Mr. Landers's final arguments relate to two inconsistencies in the ALJ's opinion.  Pl. Mot. 50.  First, Mr. Landers notes that the VE testified at the hearing that Mr. Landers could perform his past relevant work as a newspaper inserter, but the ALJ determined that he could not do that same work. (Tr. 21, 52).  Although Mr. Landers is correct regarding the inconsistency, the mistake inured to Mr. Landers's benefit, and accordingly, any error is harmless.  Second, Mr. Landers correctly points out that the ALJ stated in her opinion that she had determined that Mr. Landers could have "no changes in work setting," when, in fact, she had found an RFC assessment of "only occasional changes in the work setting."  *Compare* (Tr. 17) *with* (Tr. 21).  Again, I find any error to be harmless.  The ALJ's position that Mr. Landers was capable of "only occasional changes in the work setting" remained consistent throughout her questioning of the VE and in the RFC assessment.  The misstatement, which occurred during the ALJ's discussion of the assignment of "little weight" to Dr. Yelinek's opinion, is therefore immaterial.

      For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 25) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 29) will be GRANTED.  The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge